IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMEDOU OULD SLAHI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:07-cv-02239 |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER

Defendant Federal Bureau of Investigation ("FBI") answers the complaint of plaintiff Mohammedou Ould Slahi as follows:

### FIRST AFFIRMATIVE DEFENSE

FBI is not an "agency" within the meaning of the FOIA, 5 U.S.C. § 552(f), and is, therefore, not a proper defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted

### THIRD AFFIRMATIVE DEFENSE

Defendant answer the numbered paragraphs of plaintiff's Complaint as follows:

1.  This paragraph consists of plaintiff's conclusions of law regarding the legal nature and statutory basis of his claims, to which no response is required.

2.  This paragraph contains plaintiff's conclusions of law regarding the scope and

extent of the Court's jurisdiction to which no answer is required.

3. This paragraph contains plaintiff's conclusion of law regarding venue to which no answer is required.

4. Defendant admits that plaintiff is a thirty-seven year old, Mauritanian citizen detained at Guantanamo Bay Naval Station. Defendant can neither admit nor deny the other allegations in this paragraph because to do so would require the disclosure of classified information, or could tend to reveal classified information.

5. The first sentence contains plaintiff's conclusion of law to which no answer is required, but insofar as an answer maybe required, defendant denies the allegations. With respect to the second sentence, defendant admits that it interviewed plaintiff, conducted a polygraph test on plaintiff, and otherwise interacted with and maintained records on plaintiff since he has been in U.S. custody. With regard to the remaining allegation regarding "other investigatory tests," the term is vague and defendant lacks sufficient information or knowledge as to what plaintiff means by that term either to admit or deny any allegation with respect to that term.

6. With regard to the first sentence of this paragraph, defendant denies except to admit that it interviewed plaintiff on a number of occasions prior to the end of May 2003. With regard to the second sentence, defendants admits that after passing control of the case to another agency, it has from time to time conducted interviews of the plaintiff and has performed a polygraph test on defendant. With regard to the remaining allegations regarding "other investigative tests," the term is vague, and defendant lacks sufficient knowledge as to what plaintiff means by that term either to admit or deny that allegation.

7.  With regard to the first sentence of this paragraph, defendant admits that by a letter dated May 26, 2005, plaintiff's counsel submitted a FOIA request to the FBI headquarters, to which the Court is respectfully referred for a complete and accurate statement of its contents. With regard the second sentence, defendant admits that defendant sent a letter to plaintiff's counsel on June 10, 2005, to which the Court is respectfully referred for a complete and accurate statement of its contents. With regard to the third sentence, defendant admits that plaintiff sent a signed copy of the "Privacy Waiver and Certification of Identity" form to the defendant in a letter dated June 2, 2005, to which the Court is respectfully referred for a complete and accurate statement of its contents. With respect to the fourth sentence, defendant admits that the FBI sent a response to the FOIA request to plaintiff's counsel on March 8, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents. With regard to the fifth sentence, defendant admits that plaintiff's counsel sent a letter dated March 20, 2007, to the Department of Justice's Office of Information and Privacy ("OIP"), to which the Court is respectfully referred for a complete and accurate statement of its contents. With regard to the sixth sentence, defendant admits the OIP sent a letter to plaintiff's counsel dated April 9, 2007, to which the Court is referred for a complete and accurate statement of its contents. Defendant admits the allegations in the last sentence of this paragraph.

10.  In response to the first sentence of this paragraph, defendant reasserts the answers specified in paragraphs 1-9 above. The second and third sentences of this paragraph contain plaintiff's conclusions of law to which no answer is required.

11.  This paragraph contains conclusions of law to which no answer is required, but insofar as an answer maybe required, defendant denies the allegations.

The allegations in the paragraphs following paragraph 11 state plaintiff's request for relief, to which no response is required. To the extent a response is required, defendant denies that plaintiff is entitled to the requested relief, or any other relief. Any allegation not expressly responded to is hereby denied. Wherefore, defendant requests that plaintiff's prayer for relief be denied.

Dated: February 6, 2008	Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES, DC Bar No. 369455
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7108
Washington, D.C.  20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail:  marcia.sowles@usdoj.gov

Attorneys for Defendant